**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DIONICIO CAMPOS VAZQUEZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0264-AT-JFK-9 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-3232-AT-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [601], Respondent's response [613], and Movant's reply [617]. For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.    Background**

The grand jury sitting in the Northern District of Georgia indicted Movant on four counts: (1) conspiracy to possess with intent to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), (ii), and (viii) and 846 and 18 U.S.C. § 2 (to which he pleaded guilty); (2) conspiracy to commit money laundering; (3) possession with intent to distribute cocaine, methamphetamine, and

cocaine base; and (4) possession of firearms in furtherance of a drug-trafficking crime. (First Superseding Indictment at 1-7, ECF No. 99). Represented by Jay Shreenath, Movant pleaded guilty to count one and agreed to a waiver of the right to review. (Guilty Plea and Plea Agreement, ECF No. 363-1; Plea Hr'g Tr., ECF No. 432). On August 27, 2013, the Court imposed a 120-month term of imprisonment. (J., ECF No. 502). Movant appealed, and on March 24, 2014, the Eleventh Circuit Court of Appeals dismissed the appeal based on Movant's waiver of his right to appeal. (Order of USCA, ECF No. 587).

In October 2014, Movant filed the instant § 2255 motion, in which he raises two grounds for relief. (Mot. to Vacate at 5-6, ECF No. 601). Movant asserts (1) that counsel provided ineffective assistance in counseling him to plead guilty and (2) that counsel provided ineffective assistance at sentencing.[1] (Id.).

## II.    28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum

---

[1] The Court has reversed the order of Movant's grounds as the guilty plea came before sentencing.

sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Mackey v. United States, 221 F. App'x 907, 910 (11th Cir. 2007). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). One of those rights is the Sixth Amendment right to counsel, which entitles a criminal defendant to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Massaro v. United States, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"

3

Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III.   Discussion

### A.   Counsel's Assistance on the Guilty Plea

Movant entered into a plea agreement in which he agreed to plead guilty to count one. (Guilty Plea and Plea Agreement at 1). Therein, Movant stated that he understood that he was subject to a maximum term of life and a mandatory minimum term of ten years, that the Court may impose a sentence up to and including the maximum term, and that no one could predict his sentence at the time. (Id. at 3-4). The government, in exchange, agreed to dismiss the remaining counts against Movant, to bring no further criminal charges against Movant related to the charge to which he was pleading guilty, and to recommend that Movant receive an acceptance-of-responsibility adjustment to his guidelines calculations. (Id. at 5, 7). At the conclusion of the agreement, Movant acknowledged that he had read and carefully reviewed the plea agreement with his counsel, that he voluntarily agreed to its terms, and that "no promises or inducements have been made to me other than those discussed in the Plea Agreement." (Id. at 16-17).

4

At the guilty plea hearing, Movant was sworn and the Court thoroughly reviewed the rights that Movant would be giving up by pleading guilty. (Plea Hearing Tr. at 3, 6-9). Counsel for the government reviewed the maximum life term and minimum ten-year term to which Movant was subject, and Movant informed the Court that he understood that the Court could impose the maximum punishment. (Id. at 12-13). The Court asked Movant, "Except for the promises in the plea agreement, has anyone made you any promises or representations to get you to plead guilty?" (Id. at 19). Movant responded "No." (Id.). Movant additionally informed the Court that the plea agreement had been read to him in Spanish and that he fully understood its provisions. (Id. at 21). Before accepting Movant's plea, the Court stated, "I want to make sure that [Movant] understands that I do not have authority to modify the mandatory minimum sentence of 10 years except as provided under law. And none of those circumstances are presented right now in this plea agreement. Do you understand that, sir?" (Id. at 22-23). Movant responded "Yes" and affirmed that he wished to plead guilty. (Id. at 23). The Court found that Movant's "plea of guilty [was] knowingly, voluntarily and intelligently made, on the advice of competent counsel" and accepted his plea. (Id.).

At sentencing, the Court found that Movant's guidelines range was 87 to 108 months but that the mandatory minimum term applied and sentenced Movant to a term of 120-months. (Sentencing Tr. at 47-48, ECF No. 541).

Movant argues that counsel provided ineffective assistance by promising him that he would receive a seventy-eight to eighty-four month sentence if he pleaded guilty. (Mot. to Vacate at 6). Movant asserts that this infected his entire proceedings with error of constitutional dimension.[2] (Id.).

The government responds that Movant's allegations are contrary to his statements under oath to this Court and that he fails to show prejudice. (Resp't Resp. at 12-17, ECF No. 613). Movant replies that he would not have pleaded guilty and would have proceeded to trial if counsel had not promised him a sentence of no more than seventy-eight to eighty-four months. (Mov't Reply at 3, ECF No. 617).

To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Strickland, 466 U.S. at 690-92. The Court may resolve

---

[2] In an apparent attempt to excuse his not raising the issue on direct appeal, Movant argues that appellate counsel was ineffective for failing to file an appeal on the matter. (Mot. to Vacate at 6). Movant was not required to raise a claim regarding trial counsel on direct appeal, and this matter is not further addressed.

6

an ineffective assistance claim based on either of the above prongs. Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012), cert. denied, _ U.S. _, 134 S. Ct. 191 (2013).

To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). "The Court allows only challenges to the voluntary and intelligent entry of the plea if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea." Stano v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991) (citation omitted). A movant must show not only serious dereliction in his counsel's advice, id., he must show that it is reasonably probable that, but for counsel's deficient advice, he "would not have pleaded guilty and would have insisted on going to trial." Lafler v. Cooper, _ U.S._, _, 132 S. Ct. 1376, 1385 (2012) (quoting Hill, 474 U.S. at 59) (internal quotation marks omitted).

In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any

7

findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).

The Court found that Movant's guilty plea was knowingly, voluntarily, and intelligently made, on the advice of competent counsel. That finding carries strong weight, and the only argument that Movant presents to show that counsel was ineffective is his assertion that counsel promised him that he would receive a seventy-eight to eighty-four month sentence if he pleaded guilty. Movant's current assertion is overwhelmingly contradicted not once, but multiple times by Movant's prior representations to the Court. Movant acknowledged in his plea agreement (1) that he was subject to a maximum prison term of life and a mandatory minimum term of ten years and that the Court may impose a sentence up to and including the maximum term, (2) that he had carefully reviewed the plea agreement with his counsel and voluntarily agreed to its terms, and (3) that no promises or inducements had been made to him that were not discussed in the plea agreement. At the plea hearing, under oath before the Court, Movant confirmed (1) that he understood the Court could impose the maximum punishment, (2) that no-one had induced him to plead guilty with any promises except those contained in the plea agreement, (3) that he fully

8

understood the provisions of the plea agreement, and (4) that he understood that he was subject to a mandatory minimum sentence of ten years. On this record, the undersigned finds that Movant's current assertion is insufficient to show either that counsel advised him that he would receive a seventy-eight to eighty-four month sentence if he pleaded guilty or that counsel was deficient.

Further, Movant's bare assertion that he would not have pleaded guilty to count one is insufficient to show prejudice. Movant provides no rationale for proceeding to trial on all four counts, exposing himself to the same and greater punishment as he was exposed to by pleading guilty, exposing himself to the possibility of further criminal charges, and losing the government's recommendation that he receive an acceptance-of-responsibility adjustment to his guidelines calculations. The undersigned recommends that Movant fails to meet his burden on his first ground for relief.

### B. Counsel's Assistance at Sentencing

In his plea agreement, in addition to agreeing that he was subject to a mandatory minimum ten-year sentence, Movant waived the right to appeal or collaterally attack his conviction and sentence, with exceptions that do not apply here. (Guilty Plea and Plea Agreement at 3, 14-15). Movant acknowledged that he had discussed the review

9

waiver with his counsel, that he understood the waiver, and that, except for the narrow exceptions stated in the agreement, he would be prevented from appealing or collaterally attacking his conviction and sentence. (Id. at 16-17).

At his guilty plea hearing, the waiver clause was fully reviewed. (Plea Hr'g Tr. at 18). Additionally, the Court stated, "you're giving up a substantial amount of your rights of appeal through this plea. That means absent the limited circumstances identified in the plea agreement where you have reserved your right to appeal, you would not be able to contest the sentence, even if you think it is wrong or you're unhappy with it. Do you understand that?" (Id. at 19). Movant stated, under oath, that he understood. (Id.). As discussed earlier, after confirming that Movant understood that he was subject to a ten-year mandatory minimum sentence, the Court accepted his guilty plea. (Id. at 22-23).

At sentencing, counsel argued that Movant was eligible for a safety valve reduction under U.S.S.G. § 5C1.2.[3] (Sentencing Tr. at 27-

---

[3]U.S.S.G. § 5C1.2 allows a district court to disregard a statutory mandatory minimum for certain offenses when (1) a defendant has no more than one criminal history point; (2) the defendant did not use violence, credibly threaten violence, or possess (or induce another to possess) a dangerous weapon in connection with the offense; (3) the offense did not result in death or serious bodily injury to another; (4) the defendant was not an organizer, leader, manager, or supervisor or engage in a continuing criminal enterprise; and (5) the defendant has provided the government

28). The Court rejected the argument and imposed the mandatory minimum sentence. (Id. at 47). As stated earlier, Movant appealed, and the Eleventh Circuit Court of Appeals dismissed his appeal based on Movant's valid waiver of his right to appeal. (Order of USCA).

Movant now argues that counsel's failure to seek a downward departure under U.S.S.G. § 5C1.2 was deficient because counsel was aware that Movant had fully cooperated with the government. (Mot. to Vacate at 5). Movant asserts that counsel's deficiency prejudiced him because he is now serving a 120-month sentence. (Id.).

The government responds that Movant's claims of ineffective assistance of counsel at sentencing are waived by his valid waiver of the right to review. (Resp't Resp. at 18-19). The government also argues that this ground fails because it is factually incorrect. (Id. at 20). In reply, Movant, without addressing the government's arguments, asserts that he was also entitled to a three-level reduction under U.S.S.G. § 3B1.2 as a minor participant. (Mov't Reply at 6).

A waiver of the right to review is enforceable when the district court has "specifically questioned the defendant about the provision during the plea colloquy,

---

before the sentencing hearing with all the information that he has concerning the offenses and related conduct.

11

or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Hardman, 778 F.2d 896, 899 (11th Cir. 2011) (quoting United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted). A valid waiver of the right to appeal or collaterally attack a sentence forecloses any claim regarding counsel's effectiveness at sentencing. See Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

Based on the Court's questioning of Movant regarding his review waiver and Movant's assurance that he understood the waiver, the undersigned finds that Movant's waiver of his right to collateral review is valid and enforceable, just as the Eleventh Circuit Court of Appeals found that Movant's waiver of his right to appeal was valid and enforceable. Movant's valid waiver of the right to appeal or collaterally attack his sentence forecloses his claim that counsel was ineffective on a sentencing matter, whether in regard to U.S.S.G. §§ 5C1.2 or 3B1.2. Additionally, the government is correct in observing that Movant's claim is factually incorrect as counsel did present an argument under § 5C1.2. The undersigned recommends that Movant fails to meet his burden on his second ground for relief.

12

## IV.     Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

It is recommended that a COA is unwarranted because it is undebatable that Movant fails to show that he received ineffective assistance of counsel in regard to his guilty plea and it is undebatable that he waived the right to challenge counsel's assistance in regard to sentencing. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

13

Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate [601] and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 20th day of April, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)