# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DIONICIO CAMPOS VAZQUEZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:11-CR-0264-AT-JFK-9 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:14-CV-3232-AT-JFK |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion [601]; the Magistrate Judge's Final Report and Recommendation [627], which recommends that the § 2255 motion be denied and that a certificate of appealability ("COA") be denied; and Movant's objections [629].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). The District Judge must "give fresh consideration to those issues to which specific objection has been made by a

party." *Jeffrey S. v. State Bd. of Educ. of Ga.,* 896 F.2d 507, 512 (11th Cir. 1990) (citation and internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

### A. Background

In February 2013, Movant pleaded guilty in this Court to conspiring to possess with intent to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), (ii), and (viii) and 846 and 18 U.S.C. § 2. (*See* Plea Hr'g Tr., ECF No. 432; R&R at 1, ECF No. 627.)  As part of his guilty plea, Movant acknowledged that he was subject to a mandatory minimum ten-year sentence and waived the right to appeal or collaterally attack his conviction and sentence, with exceptions that do not apply here. (*See* R&R at 4, 9.) In exchange, the government agreed to dismiss the remaining counts against Movant,[1] to bring no further criminal charges against Movant related to the charge to which he was pleading guilty, and to

---

[1] The remaining counts – for (1) conspiracy to commit money laundering; (2) possession with intent to distribute cocaine, methamphetamine, and cocaine base; and (3) possession of firearms in furtherance of a drug-trafficking crime – were later dismissed. (*See* R&R at 4.)

2

recommend that Movant receive an acceptance-of-responsibility adjustment to his guidelines calculations. (*See id.* at 4.) The Court accepted Movant's guilty plea and imposed a 120-month term of imprisonment. (*See id.* at 2, 10.) Movant appealed, and on March 24, 2014, the Eleventh Circuit Court of Appeals dismissed the appeal based on Movant's waiver of his right to appeal. (*See id.*)

In this action, Movant presents two grounds for relief:[2] (1) ineffective assistance of counsel for promising Movant that if he pleaded guilty he would receive a seventy-eight to eighty-four month sentence, thus failing to inform Movant of the true consequences of the plea agreement,[3] and (2) ineffective assistance of counsel for failing to move at sentencing for a downward departure under U.S.S.G. § 5C1.2. (Mot. to Vacate at 5-6, ECF No. 601.) In reply to the government's response, Movant added that he also should have received a three-level reduction under U.S.S.G. § 3B1.2 as a minor participant. (Mov't Reply 6, ECF No. 617.)

---

[2] The Court follows the Magistrate Judge's ordering of Movant's grounds. (*See* R&R at 2 n.1.)

[3] In his supporting facts, Movant stated, "it is clear that appellate counsel did not present[] the issue on direct appeal, [e]stablishing the neces[s]ary 'cause'" and working to Movant's disadvantage, as shown by his 120-month sentence. (Mot. to Vacate at 6.) The Magistrate Judge construed the statement as an attempt by Movant to excuse his failure to argue on direct appeal that counsel was ineffective when he promised Movant a seventy-eight to eighty-four month sentence. The Magistrate Judge found that Movant was not required to assert on direct appeal a claim that trial counsel was ineffective and that additional discussion of the matter was unnecessary. (R&R at 6 n.2.) The Court finds no error in that assessment. Additionally, appellate counsel's failure to argue that the guilty plea was involuntary (because Movant believed that he was going to receive a lesser sentence ) was reasonable because the record shows that Movant understood that he would be subject to a mandatory minimum ten-year term of imprisonment.

3

### B.     The Magistrate Judge's Report and Recommendation

On Movant's first ground for relief, the Magistrate Judge reviewed the plea proceedings and found (1) that this Court's finding at the plea hearing – that Movant's guilty plea was knowingly, voluntarily, and intelligently made, on the advice of competent counsel – carried strong weight and (2) that Movant's only argument to show that counsel was ineffective was his assertion that counsel promised him that he would receive a seventy-eight to eighty-four month sentence if he pleaded guilty. (R&R at 4-5, 8.)  The Magistrate Judge found that Movant's assertion was "overwhelmingly contradicted not once, but multiple times by Movant's prior representations to the Court." (*Id.* at 8.)  The Magistrate summarized Movant's prior representations as follows.

> Movant acknowledged in his plea agreement (1) that he was subject to a maximum prison term of life and a mandatory minimum term of ten years and that the Court may impose a sentence up to and including the maximum term, (2) that he had carefully reviewed the plea agreement with his counsel and voluntarily agreed to its terms, and (3) that no promises or inducements had been made to him that were not discussed in the plea agreement.  At the plea hearing, under oath before the Court, Movant confirmed (1) that he understood the Court could impose the maximum punishment, (2) that no-one had induced him to plead guilty with any promises except those contained in the plea agreement, (3) that he fully understood the provisions of the plea agreement, and (4) that he understood that he was subject to a mandatory minimum sentence of ten years.[4]

---

[4] Before accepting Movant's guilty plea, the Court specifically stated, "I want to make sure that [Movant] understands that I do not have authority to modify the mandatory minimum sentence of 10 years except as provided under law.  And none of those circumstances are presented right now

(*Id.* at 8-9.) Under *Strickland*,[5] the Magistrate Judge found that, on this record, Movant's assertion was "insufficient to show either that counsel advised him that he would receive a seventy-eight to eighty-four month sentence if he pleaded guilty or that counsel was deficient." (R&R at 9.) Additionally, the Magistrate Judge found as follows on prejudice.

> Movant's bare assertion that he would not have pleaded guilty to count one is insufficient to show prejudice. Movant provides no rationale for proceeding to trial on all four counts, exposing himself to the same and greater punishment as he was exposed to by pleading guilty, exposing himself to the possibility of further criminal charges, and losing the government's recommendation that he receive an acceptance-of-responsibility adjustment to his guidelines calculations.

(*Id.*)

On the second ground for relief, the Magistrate Judge summarized (1) the facts on Movant's waiver of the right to review (including the Court's questions to Movant on the waiver at the plea hearing) and (2) the fact that counsel at sentencing *had*

---

in this plea agreement. Do you understand that, sir?" (Plea Hr'g Tr. at 22-23.) Movant responded "Yes." (*Id.* at 23.)

[5] *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984) (holding that to show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him). To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" *Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

5

argued for a safety valve reduction under U.S.S.G. § 5C1.2. (R&R at 9-10.[6]) The Magistrate Judge found as follows on Movant's claim of ineffective assistance of counsel at sentencing.

> Based on the Court's questioning of Movant regarding his review waiver and Movant's assurance that he understood the waiver, the undersigned finds that Movant's waiver of his right to collateral review is valid and enforceable, just as the Eleventh Circuit Court of Appeals found that Movant's waiver of his right to appeal was valid and enforceable. Movant's valid waiver of the right to appeal or collaterally attack his sentence forecloses his claim that counsel was ineffective on a sentencing matter, whether in regard to U.S.S.G. §§ 5C1.2 or 3B1.2. Additionally, . . . Movant's claim is factually incorrect as counsel did present an argument under § 5C1.2.

(R&R at 12.)[7] The Magistrate Judge recommends that Movant has failed to show that he is entitled to relief on either of his grounds and that the § 2255 motion should be denied. (*Id.* at 9, 12, 14.)

---

[6] Defense counsel's statements in connection with his safety valve motion and the Court's basis for denial of the motion are reflected in the transcript. (Sentencing Tr. at 28, 35.)

[7] A waiver of the right to review is enforceable when the district court has "specifically questioned the defendant about the provision during the plea colloquy, or . . . it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Hardman*, 778 F.3d 896, 899 (11th Cir. 2014) (quoting *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001)) (internal quotation marks omitted). A valid waiver of the right to appeal or collaterally attack a sentence forecloses any claim regarding counsel's effectiveness at sentencing. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### C.     Movant's Objections and the Court's Analysis

Movant objects. (Objections, ECF No. 629.) Movant, however, does not specifically identify any particular finding or recommendation to which he objects. (*See id.*) Instead, Movant re-states his prior arguments. In fact, Movant has submitted as objections a re-titled submission of his reply to the government's response. (*Id.* at 2-7; *see also* Mov't Reply.) While the Court does not view Plaintiff's filing as presenting specific objections as required under § 636(b)(1), out of an abundance of caution, the Court has considered Petitioner's objections as a challenge to the entirety of the Magistrate Judge's findings and, in turn, reviewed the § 2255 motion and R&R on a *de novo* independent basis. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) ("[W]hile [§ 636(b)(1)] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard."). After conducting a *de novo* review of the entirety of the record, the Court finds that the Magistrate Judge's analysis is legally correct and based on the record presented. Therefore, the Magistrate Judge's Report and Recommendation shall be adopted.

AO 72A
(Rev.8/82)

## II. Conclusion

**IT IS ORDERED** that Plaintiff's objections [629] are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [627] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that Movant's § 2255 motion [601] and a certificate of appealability are **DENIED**.

**IT IS SO ORDERED** this 27th day of May, 2015.

*[signature]*
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)